IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AARON LEE PATRICK,

                                  Case No. 3:21-cv-01601-HZ

          Petitioner,

                                  ORDER TO DISMISS

    v.

DeWAYNE HENDRIX and FCI SHERIDAN,

          Respondents.

HERNANDEZ, District Judge.

Plaintiff, incarcerated at FCI-Sheridan, brings this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff satisfied the Court's December 1, 2021 Order (#4) by paying the filing fee for this case. However, for the reasons set forth below, his Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff presents a very sparse Complaint wherein he alleges only that from April 1, 2020 until the filing of his

1 - ORDER TO DISMISS

case, he was "[a]ffected emotionally, psychologically, mentally." Complaint (#2), p. 5. He believes his allegation amounts to an Eighth Amendment violation and asks for monetary relief in an unspecified amount.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes*

2 - ORDER TO DISMISS

*v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

### DISCUSSION

In order to state a *Bivens* claim, Plaintiff must show two essential elements: (1) Defendants acted under color of federal law; and (2) Defendants personally deprived him of a right secured by the Constitution or laws of the United States. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."). Where it appears that Plaintiff wishes to plead an Eighth Amendment medical claim, he must allege that Defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).

Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and

3 - ORDER TO DISMISS

safety. . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Doty*, 37 F.3d at 546. Even if a prison official should have known of a severe medical risk but did not perceive that risk, a litigant cannot establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff fails to describe how Defendant Hendrix intentionally disregarded a serious medical risk he faced. While he also brings suit against FCI-Sheridan, itself, the prison is part of a federal agency that is entitled to sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). To the extent he seeks to bring a supervisory capacity claim against Defendant Hendrix as the Warden of FCI-Sheridan, he cannot rely upon a respondeat theory of liability in order to state a *Bivens* claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (each government official is liable only for his or her own misconduct). For all of these

reasons, Plaintiff fails to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies identified above; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk of Court is directed to send Plaintiff a civil rights complaint form for his use.

IT IS SO ORDERED.

January 11, 2022
        DATE

Marco A. Hernandez
United States District Judge